UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROFESSIONAL, INC. d/b/a
PROFESSIONALS AUTO BODY,

    Plaintiff,

v.

FIRST CHOICE AUTO INSURANCE
COMPANY, et al.,

    Defendants.

MDL Docket No. 2557
Case No. 6:18-cv-6023-Orl-31EJK

**DEFENDANT GEICO INDEMNITY COMPANY'S MOTION AND SUPPORTING MEMORANDUM TO SEVER THE CLAIMS PLAINTIFF PROFESSIONAL, INC. D/B/A PROFESSIONALS AUTO BODY ASSERTS AGAINST IT**

GEICO Indemnity Company ("GEICO") moves the Court to sever the claims Professional Inc., d/b/a Professionals Auto Body ("Professionals") asserts against it from the claims Professionals asserts against the other defendants (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 21.

Professionals filed a single complaint alleging each Defendant independently failed to pay for services Professionals rendered to hundreds of different customers – each involving different operative facts.[1] Professionals' joinder of the many insurers violates Federal Rule of Civil Procedure 20, which permits joinder only if a plaintiff's claims against multiple defendants arise out of the same set of operative facts—not similar facts—and if liability is asserted against the

---

[1] Nine of the original named defendants have been severed or dismissed, so twenty-three defendants remain in the case.

1

defendants jointly, severally, or in the alternative. Because Professionals concedes the other Defendants' actions are entirely independent from the actions GEICO took and because Professionals fails to allege the Defendants are jointly and severally liable, GEICO has been improperly joined.

Even had Professionals properly joined GEICO here – it has not – this Court should still exercise its wide discretion to sever Professionals' claims against GEICO to promote judicial efficiency. There is no reason to subject GEICO to the burdens related to discovery and motion practice involving the other Defendants or expose GEICO to the prejudice associated with being jointly tried with the other Defendants.

## I. PROFESSIONALS IMPERMISSIBLY JOINED DEFENDANTS

The Federal Rules of Civil Procedure allow a plaintiff to join multiple defendants if two conditions are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and" (2) "any question of law or fact common to all defendants will arise in that action." Fed. R. Civ. P. 20(a)(2). When defendants are misjoined or improperly joined, a court may "on just terms, add or drop a party" or "sever any claim against any party." Fed. R. Civ. P. 21.

### A. Plaintiff's Claims Against Defendants Arise Out of Many Different Transactions

The Eleventh Circuit applies the logical relationship test to determine if the right to relief asserted against the joined defendants arises out of the same transaction, occurrence, or series of occurrences under Rule 20. *HDCL Holdings, LLC v. TKCT, LLC*, No. 6:17-cv-62, 2017 WL 927261, at *2 (M.D. Fla. Feb. 21, 2017), report and recommendation adopted, 2017 WL 915531, at *1 (M.D. Fla. March 8, 2017). "A logical relationship exists if the claims rest on the same set

of facts or the facts, on which one claim rests, activate additional legal rights supporting their other claims." *AO Prevision Mfg. LLC v. High Standard Mfg. Co., Inc.*, No. 6:14-cv-1203, 2014 WL 4983801, at *1 (M.D. Fla. Oct. 6, 2014) (internal quotations omitted). "Although the logical relationship standard is loose, **similar issues of liability alone are not enough to warrant joinder; the claims must also share operative facts.**" *HDCL Holdings*, 2017 WL 927261, at *2 (internal quotations omitted) (emphasis added). All that Professionals has to premise joinder on is similar issues of liability; none of the claims share any operative facts.

The logical relationship test is not met when there is a "lack of uniformity between the Defendants, absence of any evidence attesting to joint action, and [a] lack of any connective nexus among the Defendants." *DIRECTV, Inc. v. Brown*, No. 6:03-cv-234, 2003 WL 25569731, at *3 (M.D. Fla. May 22, 2003). In *DIRECTV*, the plaintiff argued the logical relationship test was met because "the alleged unlawful activities by the Defendants . . . occurred within a six month period, the factual backgrounds are similar, and because the illegal devices purchased by the Defendants are similar." *Id.* The court rejected the plaintiff's argument because, although the defendants shared a "similar factual background," Rule 20 refers to the "*same* transaction or occurrence not to *similar* transactions or occurrences." *Id.* This Court has also found the logical relationship was not met and severed claims against multiple defendants based on claims regarding similar loan documents because "[t]he debtors [were] distinct legal entities and the collateral, and amounts owed due to the alleged breaches are different." *HDCL Holdings*, 2017 WL 927261, at *2.

Like the claims in *DIRECTV* and *HDCL Holdings*, Professionals' claims against the dozens of different Defendants rest on "similar issues of liability" – not operative facts. Professionals filed this suit based on allegations "each individual insurer . . . has indicated that it will not be paying the full sum due and owing for parts, labors, repairs made and other services rendered by

3

Professionals. . . ." Compl., Doc. 34-1 ¶ 42. Professionals sued a myriad of different insurers, each with their own policies with insureds, different representations purportedly made to insureds, claimants and Professionals, different amounts alleged to be due, and other differences too numerous to count. *See generally* Compl. Professionals itself acknowledges the actions one defendant took are **irrelevant** to those taken by other defendants. In lieu of alleging facts related to each defendant, Professionals attached documents allegedly supporting its generic allegations as to each insurer as a separate "Exhibit A." *See* Compl., Doc. 34-1 at 25. Attempting to explain the numerous unique Exhibit As, Professionals concedes "Documents pertaining to other Defendants and not relevant to this Defendant are not attached." Attached to the complaint Professionals served on GEICO are only documents allegedly related to GEICO insureds or GEICO's claimants. *See generally* Docs. 34-2, 34-3, 34-4. Professionals did not attach any documents referencing any of the other Defendants in the Exhibit A Professionals served on GEICO. *See id.* Professionals' Complaint and the dozens of different Exhibit A's are abundant evidence that Professionals' allegations against each defendant do not rest on the same set of facts.

There is also no allegation in Professionals' complaint that the facts related to one insurer "activate additional legal rights supporting [Professionals'] other claims." *See generally* Compl., Doc. 34-1; *High Standard*, 2014 WL 4983801, at *1. None of Professionals' claims depends on the actions a different defendant insurer took. *See generally* Compl.

### B. Professionals Does Not Assert Relief Against Defendants Jointly, Severally, Or Alternatively

To support joinder of multiple defendants, Rule 20 also requires the plaintiff to assert relief against the defendants jointly, severally, or in the alternative. *See* Fed. R. Civ. P. 20(a)(2). When there is "no allegation of joint liability or any allegation of conspiracy" and the only similarity is that the joined defendants violated the same state statute, "such commonality on its face is

4

insufficient for joinder." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds* ; *see also DIRECTV*, 2003 WL 25569731, at *3 (holding Defendants' interactions failed to conform to the standards established by Rule 20 because, among other reasons, "the record is bereft of any allegation that the Defendants are jointly or severally liable to DIRECTV.").

Although Professionals aggregates the total amount it alleges the Defendants owe Plaintiff, there is no allegation all Defendants owe the aggregate amount to Professionals under any theory of joint and several liability or under any alternative theory. Compl. at 11 ¶ 41, at 15, 17 -18. It would stretch all bounds of reason to argue all Defendants are liable to Professionals for the total amount demanded where Professionals concedes the actions one Defendant insurer took are irrelevant to the actions the other Defendants took. Doc. 34-2 at 3.

**C. Severance Would Promote Judicial Efficiency**

Even if the requirements are met for joinder under Rule 20, which Professionals has not met here, a court may sever claims or a party if it determines that joiner would not "promote trial convenience and enhance the efficacy of litigation." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1343 (M.D. Fla. 2013); *see also Walters v. BMW of N. Am.*, No. 8:18-cv-2875, 2019 WL 6251366, at *2 (M.D. Fla. Nov. 22, 2019) ("Even if the requirements of Rule 20 are satisfied, a court enjoys considerable discretion to sever claims in the interest of judicial economy."). Courts in the Eleventh Circuit sever claims involving multiple defendants as any convenience is often only to the plaintiff in providing it "the economy of not having to pay a separate filing fee for each action brought" and comes at a substantial detriment to the many joined defendants. *Walters*, 2019 WL 6251366, at *2. As the Southern District of Florida acknowledged, permissive joinder of defendants often poses "numerous logistical burdens," including having to "serve each other with

all pleadings," "creating a thoroughly unmanageable situation" when scheduling depositions since "[e]ach defendant would have the right to be at each other defendant's deposition," and creating an "unworkable" courtroom situation by the requirement that each defendant has an opportunity to be present and address the court and by creating mini-trials for each defendant's defense. *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672, 676 (S.D. Fla. 2011); *see also Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 785 (E.D. Pa. 2013) (noting numerous management problems in joining multiple defendants). This also presents an unfair risk of potential issues with other defendants spilling-over onto and harming GEICO unfairly.

The only judicial economy served by Professionals' joinder here is to Professionals. Professionals filed a single, conclusory Complaint against dozens of defendants and asserted the same allegations against them all. Professionals did not take the time to plead allegations specific to each Defendant and avoided paying dozens of separate filing fees for each complaint. *See generally* Compl. Professionals is likely to employ similar techniques absent severance, including serving the same conclusory discovery on all Defendants. Like *Walters* and *Liberty Media*, the permissive joinder of the dozens of Defendants is likely to create a confusing logistical nightmare. This Court should sever Professionals' claims against GEICO to promote judicial economy.

## II. SEVERANCE WILL NOT AFFECT THIS COURT'S JURISDICTION OVER PROFESSIONALS' CLAIMS AGAINST GEICO

This Court may maintain jurisdiction over Professionals' claims against GEICO if it severs these claims from the present action. Diversity jurisdiction exists where each plaintiff is diverse from each defendant, and the amount in controversy exceeds $75,000. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Professionals is a Pennsylvania corporation because it is incorporated in and has its principal place of business in Pennsylvania. *See* 28 U.S.C. § 1332(c)(1); Compl. at 4 ¶ 1. GEICO is a Maryland corporation because it is

incorporated in and has its principal place of business in Maryland.  Professionals and GEICO are completely diverse.

The amount-in-controversy here exceeds $75,000.  Removal is proper "if the complaint makes it 'facially apparent' that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001).  "In determining the amount in controversy, the relevant question is whether plaintiff seeks damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages." *Alilin v. State Farm Mut. Auto Ins. Co.*, No. 6:14-cv-1183, 2014 WL 7734262, at *1 (M.D. Fla. Jan. 30, 2014).  In its complaint, Professionals demands a total of $8,657,170.15 from all Defendants.  *See generally* Compl.  Of this amount, $279,849.85 is potentially in controversy as to GEICO.  *See* Compl. at 14-15, 17-18; Ex. A to Compl., Docs. 34-2, 34-3, 34-4.  The potential damages in controversy are determined by calculating the total amount Professionals contends it is entitled to as identified in Exhibit A to the Complaint Professionals served on GEICO and applying a pro rata portion of the alleged delay time costs and alleged administrative costs that would potentially be in controversy as to GEICO.  *See* Docs. 34-2, 34-3, 34-4.  The total amount of damages identified on Exhibit A to Professionals' complaint equals $56,048.61, or 3.88% of the total $1,444,544.74 demanded.  Professionals also demands $6,823,253.81 in delay time costs.  Of this total amount, $264,742.24, or 3.88% of $6,823,253.81, would potentially be attributed to GEICO.  Professionals further demands $389,371.60 in administrative costs.  Of this total amount, $15,107.61, or 3.88% of $389,371.60, would potentially be attributed to GEICO.

This amount – $279,849.85 – is before punitive damages and attorney's fees, which Professionals expressly seeks.  *See id.* at 22; *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount

of those fees is included in the amount in controversy."); *Harmening-Marl v. Quest Diagnostics, Inc.*, No. 3:17-cv-1197, 2018 WL 7436521, at *2 (M.D. Fla. Sept. 27, 2018) ("When recovery is permissible, punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."); *see* 42 Pa. Const. Stat. Ann. ¶ 8371 (authorizing award of punitive damages and attorney's fees for a statutory bad faith claim). Because it is facially apparent that Professionals seeks more than $75,000 in damages from GEICO, this Court will maintain diversity jurisdiction if it grants GEICO's motion.

### III.  CONCLUSION

Professionals impermissibly joined GEICO and unrelated defendants in one action involving different operative facts. For all the reasons discussed above, GEICO respectfully requests this Court sever Professionals' claims against GEICO and maintain jurisdiction over the action.

DATED this 6th day of August, 2020.

HUSCH BLACKWELL LLP

 */s/ Dan W. Goldfine*
Dan W. Goldfine (*admitted pro hac vice*)
Joshua Grabel (*admitted pro hac vice*)
Jamie L. Halavais (*admitted pro hac vice*)
Ian M. Fischer (*admitted pro hac vice*)
2415 East Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: 480-824-7890
Facsimile:  480-824-7905
Email:  Dan.goldfine@huschblackwell.com
            Josh.grabel@ huschblackwell.com
            Jamie.halavais@ huschblackwell.com
            Ian.fischer@ huschblackwell.com

*Counsel for GEICO Indemnity Company*

## CERTIFICATE OF SERVICE

I CERTIFY that on August 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

 /s/ Dan W. Goldfine
*Counsel for GEICO Indemnity Company*

## CERTIFICATE OF CONFERENCE

I CERTIFY that on August 6th, 2020, I conferred with liaison counsel for Professionals, John Arthur Eaves, Jr., Esq.  Although counsel for the parties conferred in good faith, counsel was not able to agree on resolution of the motion.

 /s/ Jamie L. Halavais
*Counsel for GEICO Indemnity Company*