**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PROFESSIONAL, INC. d/b/a
PROFESSIONALS AUTO BODY,

      Plaintiff,

v.                              Case No. 6:18-cv-6023-Orl-31EJK

FIRST CHOICE AUTO INSURANCE
COMPANY; 21st CENTURY
INSURANCE COMPANY, *et al.,*

      Defendants.

_____

**DEFENDANT PENN NATIONAL SECURITY INSURANCE COMPANY'S**
**BRIEF IN SUPPORT OF ITS MOTION TO SEVER AND**
**DISMISS THE COMPLAINT**

### I.    FACTUAL AND PROCEDURAL HISTORY

On August 23, 2017, Plaintiff filed a Complaint in the above-captioned case with the Court of Common Pleas of Blair County, Pennsylvania.  In its Complaint, Plaintiff avers that it is an automobile body repair shop and that it repaired and/or serviced motor vehicles insured Defendant Penn National Security Insurance Company ("Penn National") and the other above-captioned Defendants. *See Complt.* at para. 38.  Plaintiff contends that each individual insured by Defendants executed an assignment of proceeds authorizing the Plaintiff to recover any unpaid amounts for services rendered and repairs.  *Id.* at para. 40.

This case was removed to the United States District Court for the Western District of Pennsylvania by Notice of Removal filed by several of the above-captioned Defendants on September 22, 2017.  Doc. 1.[1]  Penn National was not among those that filed or joined in the Notice

_____

[1] To clarify, the document numbers referenced throughout this Motion and Brief refer to the document numbers from the Western District of Pennsylvania docket for this case, unless otherwise specified.

of Removal.  Several of the Defendants subsequently filed a Notice of Tag-Along Action with the Judicial Panel on Multidistrict Litigation, seeking to include this action in the Auto Body Shop MDL in Florida.  Doc. 66.  On September 27, 2017, several of the Defendants filed an unopposed Motion to Stay all Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation.  Doc. 41.

By Order, dated September 28, 2017, the Western District of Pennsylvania granted the Motion to Stay.  Doc. 49.  On October 3, 2017, the Clerk of the United States Judicial Panel on Multidistrict Litigation determined that this case is not appropriate for inclusion in the Auto Body Shop MDL litigation in Florida.  On October 6, 2017, the Western District of Pennsylvania issued an Order lifting the stay.  Doc. 56.

On October 13, 2017, several of the above-captioned Defendants filed an Unopposed Renewed Motion to Stay All Proceedings Pending a Transfer Decision by the Judicial Panel on Multidistrict Litigation.  Doc. 66.  In their Motion, Defendants indicated that they were preparing a Motion to Transfer this Action to the Auto Body Shop MDL, which they would be filing with the Judicial Panel.  Doc. 66.  By Order, dated October 16, 2017, the Western District of Pennsylvania granted the Motion for Stay (Doc. 72), and on February 1, 2018, this case was transferred to the Auto Body Shop MDL with this Court.

By Order, dated July 14, 2020, this Court ordered Defendants to file responsive pleadings or motions in response to the Complaint by August 7, 2020.  Doc. 102 at Docket No. 6:18-cv-06023-GAP-EJK.  Penn National now files a Motion to Sever and Dismiss and the instant Brief in Support.

II.    **QUESTION PRESENTED**

**Should Penn National's Motion to Sever and Dismiss be granted, and should it be severed and dismissed from this case, where there is not diversity of citizenship and the Federal Courts lack subject matter jurisdiction over the claims set forth against it?**

**Suggested answer:    Yes.**

III.    **ARGUMENT**

A.    **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 21, this Court on motion or on its own, may, at any time, add or drop a party.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), this Court must dismiss a case for lack of subject-matter jurisdiction.  Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at <u>any time</u> that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

In *Williams v. Wyndham World Wide Corp.*, 2009 U.S. Dist. LEXIS 44975, *9 (M.D. Fla., Orlando Division 2009), this Court explained:

> Establishing the existence of subject matter jurisdiction is of paramount importance in federal court. This requirement exists because "[f]ederal courts exercise limited subject matter jurisdiction, empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir.1994) (citing Wright, Miller & Cooper, 13 *Federal Practice and Procedure* § 3522 (1984)). "If jurisdiction is based on either [diversity or federal question grounds], the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Id.;* Fed.R.Civ.P. 8(a)(1) (requiring complaints to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support ...."). Thus, subject matter jurisdiction is not a

3

mere technical requirement; __it literally circumscribes the extent of
a federal court's power to adjudicate an action__.

*Id.* at \*6-7 (emphasis added). The Eleventh Circuit has also held that once a court determines it lacks subject matter jurisdiction over the plaintiff's claims, "the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Williams*, 2009 U.S. Dist. LEXIS 44975, \*9 (quoting *Beavers v. A.O. Smith Elec. Prods. Co*., 265 F. App'x 772 (11th Cir. 2008)).

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to plaintiff. *Massey v. Health First, Inc.,* 2005 U.S. Dist. LEXIS 36767, \*4-5 (M.D. Fla., Orlando Division 2005) (citation omitted). However, where the defendant challenges jurisdiction, the burden to prove that the Court has subject matter jurisdiction falls on the plaintiff. *Id*. at \*5 (citing *Anderson v. U.S.,* 245 F. Supp. 2d 1217, 1222 (M.D. Fla. 2002)).

**B.  Penn National's Motion to Sever and Dismiss should be granted, and it should be severed and dismissed from this case, since there is not diversity of citizenship and the Federal Courts lack subject matter jurisdiction over the claims set forth against it.**

Pursuant to 28 U.S.C. § 1332 (emphasis added):

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between –

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

***

(c)  For the purposes of this section and section 1441 of this title—

(1)  a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

(A)  every State and foreign state of which the insured is a citizen;

(B)  every State and foreign state by which the insurer has been incorporated; and

(C)  the State or foreign state where the insurer has its principal place of business; . . . .

***

Whether there exists diversity of citizenship is assessed by examining the citizenship of the parties at the time the action is filed.  *Massey v. Health First, Inc.,* 2005 U.S. Dist. LEXIS 36767, *7 (M.D. Fla., Orlando Division 2005).  This Court has explained: "Diversity jurisdiction requires complete diversity – every plaintiff must be diverse from every defendant."  *Williams v. Wyndham World Wide Corp*., 2009 U.S. Dist. LEXIS 44975, *7 (M.D. Fl., Orlando Division 2009).

This Court and Your Honor have repeatedly dismissed cases for lack of subject matter jurisdiction.  In *Bey v. BankAtlantic*, 2010 U.S. Dist. LEXIS 91088 (M.D. Fl., Orlando Division 2010), for example, Your Honor granted defendant's motion to dismiss the case for lack of subject matter jurisdiction, where there was not complete diversity between the parties.  *Id*. at *6.  Your Honor explained:

BankAtlantic does not dispute that the amount in controversy here exceeds the statutory minimum of $75,000, but argues that there is no diversity because both parties are citizens of Florida.  Both Bey (in the Refiled Complaint) and BankAtlantic (in its motion) assert that the bank is headquartered in Florida. . . . Thus, for diversity jurisdiction to exist, Bey must be a resident of some state other than Florida.  28 U.S.C. § 1332.  However, in both the body and at the conclusion of the Refiled Complaint, Bey identifies herself as a citizen of Florida.

\*\*\*

Because Bey has not asserted, either in the Refiled Complaint or in her response to the motion, that she was a citizen of Illinois at the time when she filed this suit, diversity jurisdiction does not exist over this dispute.

\*\*\*

ORDERED that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 22) is GRANTED, and this case is DISMISSED.

*Id*. at \*2-\*6; *see also, Williams v. Wyndham World Wide Corp*., 2009 U.S. Dist. LEXIS 44975 (M.D. Fla., Orlando Division 2009) (motion to dismiss granted for lack of subject matter jurisdiction, where plaintiff failed to establish complete diversity); *Massey v. Health First, Inc.,* 2005 U.S. Dist. LEXIS 36767 (M.D. Fla., Orlando Division 2005) (motion to dismiss for lack of diversity granted).

In the Complaint, Plaintiff avers, in part (emphasis added):

1. Plaintiff, Professional, Inc., d/b/a Professionals Auto Body, is a corporation incorporated pursuant to the laws of the Commonwealth of <u>Pennsylvania</u> with a principal place of business located at 1109 Plank Road, Duncansville, Blair County, <u>Pennsylvania</u>.

\*\*\*

27. Penn National Security Insurance Company is an insurance company registered to do business with the Pennsylvania Insurance Department and is doing business in the State of Pennsylvania with a Pennsylvania address of 2 North Second Street, Penn National Insurance Company, Harrisburg, <u>Pennsylvania</u> 17105-2361.

6

Because Plaintiff is a Pennsylvania corporation, as alleged in the Complaint, and because Penn National is a Pennsylvania corporations, there is no diversity of citizenship, as required by 28 U.S.C. § 1332, and the federal courts do not have subject matter jurisdiction over Penn National. Just as this Court properly granted the motions to dismiss in the cases discussed above, Penn National respectfully submits that the same outcome is warranted here, and asks this Court to sever and dismiss it from this action for lack of subject matter jurisdiction.

IV.     **CONCLUSION**

Defendant Penn National Security Insurance Company respectfully requests that this Honorable Court grant its Motion to Sever and Dismiss the Complaint and that it sever and dismiss Penn National from this action for lack of subject matter jurisdiction.

Respectfully submitted this 7th day of August, 2020.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

*/s/ Elizabeth B. Ferguson*
Elizabeth B. Ferguson
Florida Bar No. 570745
200 West Forsyth Street, Suite 1400
Jacksonville, FL  32202
Telephone:  (904) 358-4200
Facsimile:  (904) 355-0019
Primary Email: ebferguson@mdwcg.com
Secondary Email: jcwestberry@mdwcg.com
Secondary Email: pjlagrone@mdwcg.com
*Attorneys for Defendant Penn National Security Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Elizabeth B. Ferguson*
Elizabeth B. Ferguson, Esq.
