**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| **PROFESSIONAL, INC. d/b/a PROFESSIONALS AUTO BODY,** | |
| **Plaintiff,** | |
| **v.** | **MDL Docket No. 2557** |
| | **Case No. 6:18-cv-6023-Orl-31EJK** |
| **FIRST CHOICE AUTO INSURANCE COMPANY, et al.,** | |
| **Defendants.** | |

**DEFENDANT GEICO INDEMNITY COMPANY'S MOTION AND**
**SUPPORTING MEMORANDUM TO DISMISS PROFESSIONAL, INC. D/B/A**
**PROFESSIONALS AUTO BODY'S COMPLAINT FOR FAILURE TO STATE A CLAIM**
**AND LACK OF JURISDICTION**

GEICO Indemnity Company ("GEICO") moves to dismiss the claims Professional, Inc.

d/b/a Professionals Auto Body ("Professionals") asserts against it in its Complaint, Doc. 34-1,

under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  As a preliminary matter, *res*

*judicata* bars Professionals' causes of action that arise on or before September 18, 2015.

Turning to what remains, Professionals' Complaint is nothing more than a series of

conclusory allegations resting on legal theories already rejected by this Court during this multi-

district litigation ("MDL").  Professionals' first two claims for quantum meruit and unjust

enrichment—causes of action that are synonymous under Pennsylvania law—rely on allegations

this Court has already determined are insufficient to state a claim.  In *A&E Auto Body,*

*Incorporated v. 21st Century Centennial Insurance Company*, 120 F. Supp. 3d 1353, 1360 (M.D.

Fla. Aug. 17, 2015), *aff'd in part and rev'd in part,* 917 F.3d 1249 (11th Cir. 2019), this Court

held "the law of unjust enrichment does not permit a person to simply perform work and then demand payment" and that auto-body repair shops could not state an unjust enrichment cause of action based on allegations they were entitled to provide services to the insurer's insureds and third-party claimants and then make an unnegotiated demand for additional payment from the insurer.  This is what Professionals alleges here.

Professionals' breach of contract claim is similarly insufficient.  It has alleged no contract between it and GEICO, thus no direct breach of contract is alleged or possible.  It has not stated a cause of action based on its status as purported assignee of the GEICO insured's policies as it identifies no provision in GEICO's contract with its insureds requiring GEICO to pay the unilateral amounts demanded by Professionals.  The actual assignments are quite limited and do not purport to assign a claim "for more payment."  And, it cannot state a claim based on its status as assignee of the third-party claimants' right to the insurance proceeds as it would have to allege and establish the third-party claimants are third-party beneficiaries of the policies.  And, even had Professionals alleged this – it did not – Pennsylvania law does not afford third-party claimants third-party beneficiary status under an insurance policy.

The Court should similarly dismiss Professionals' bad faith claim as no such claims were assigned by the vehicle owners, and Professionals' allegations amount to nothing more than a payment disagreement.  Pennsylvania courts repeatedly hold allegations of non-payment or insufficient payment fail to state a bad faith claim.

Professionals' final claim for intentional interference with business similarly fails.  This claim requires a showing that GEICO took a purposeful action to induce either the vehicle owners or Professionals to breach the contractual obligations they owed each other.  Professionals has not alleged either and this claim, along with all of Professionals' claims, should be dismissed.

2

## I.   *RES JUDICATA* BARS PROFESSIONALS' CLAIMS

*Res judicata* bars Professionals' claims based on automobile repair services Professionals provided to GEICO's insureds or third-party claimants on or before September 18, 2015, as Professionals already litigated its claims – and the transactions from which the claims arise –  in *Alliance of Automotive Services Providers, Inc. et al. v. State Farm Mutual Insurance Company, et al.*, No. 6:14-cv-6008-GAP-EJK (M.D. Fla.) ("*Alliance*").

Federal law determines whether *res judicata* bars Professionals' claims.  *Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1503 (11th Cir. 1984) ("When a federal court sitting in diversity examines the collateral estoppel or res judicata effect of a prior federal judgment, based either on diversity or a federal question, it must apply federal common law.").  Under *res judicata*, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action **that was or could have been raised** in that action."  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (emphasis added).  *Res judicata* applies if four elements are met: (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) both cases involved the same parties or their privies, and (4) both cases involved the same cause of action.  *Id.*

### A.   *Alliance* Was Rendered By A Court Of Competent Jurisdiction

This Court rendered *Alliance*.  *See* Order, *Alliance of Automotive Serv. Providers, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-6008-ORL-31TBS ("*Alliance*"), Doc. 107.

### B.   *Alliance* Was A Final Judgment On The Merits

The *Alliance* decision was a final judgment on the merits.  On August 17, 2015, this Court dismissed without prejudice Professionals' quantum meruit, unjust enrichment, and tortious interference with business claims and allowed Professionals until September 8, 2015, to file an

amended complaint.  *See* Order, *Alliance*, Doc. 107.  The trial court extended Professionals'
deadline to file any amended complaint until September 18, 2015.  *See* Order, *In re Body Shop
Antitrust Litig.*, No. 6:14-md-2557, Doc. 225.  But Professionals failed to file by the deadline, and
instead filed its amended complaint on September 19, 2015, which this Court then permitted under
Rule 6.  *See* Am. Compl., *Alliance*, Doc. 109.  Under exactly analogous circumstances, the
Eleventh Circuit has ruled the complaint the plaintiffs were allowed leave to amend – here the
*original* complaint – remained the only operative complaint because once the deadline to amend
passed, the dismissal of the original complaint became a final dismissal with prejudice.  *Auto.
Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719-20 (11th Cir.
2020); *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132-33 (11th Cir. 1994).  Thus,
Professionals' claims against GEICO were dismissed with prejudice on September 18, 2015.

## C.      The Same Parties Are Involved

The parties in the original complaint and the instant Complaint are the same.  Professionals
is a plaintiff in each case.  Compl., *Alliance*, Doc. 1 at p. 1 ¶ 6; Compl., Doc. 34-1 at p. 6 ¶ 1.
GEICO was a defendant in *Alliance* and is a defendant here.  *Alliance*, Doc. 1 at p. 9 ¶ 41
(identifying "GEICO Indemnity Company" as a defendant); Compl., Doc. 34-1 at p. 8 ¶ 14.

## D.      The Same Causes Of Action Are Involved

For *res judicata* purposes, the same causes of action are involved "when they arise out of
the same transaction or series of transactions."  *Piper Aircraft*, 244 F.3d at 1296-97.  "Res judicata
does *not* apply where the facts giving rise to the second case only arise after the original pleading
is filed in the earlier litigation."  *Id.* at 1298.  (internal quotations omitted).  As the Eleventh Circuit
noted, a plaintiff is not required to file a supplemental pleading to assert causes of action that arise
after an initial complaint is filed "unless the facts underlying the claim were actually raised in that

action." *See id.* at 1298-99.

Professionals' instant causes of action are the same causes of actions it filed in *Alliance*. In *Alliance* Professionals asserted causes of action against GEICO for quantum meruit, unjust enrichment, and tortious interference premised on allegations Professionals "performed valuable services and expended material resources with the reasonable expectation of payment/compensation for those services and materials" provided to GEICO's insureds or third-party claimants. *Alliance* Compl. at p. 30 ¶¶ 145-146; *see also Alliance* Compl. at p. 31 ¶¶ 150-151. Just as in *Alliance*, Professionals here asserts claims for quantum meruit, unjust enrichment, and tortious interference with business relations based on allegations GEICO has "failed and/or refused to fully reimburse Plaintiff for all of the costs involved with making repairs to each automobile" related to GEICO's insured and third-party claimants. Compl., Doc. 34-1 at pp. 15-17 ¶¶ 54-73. Professionals did assert and could have asserted all of the claims it asserts here in *Alliance* that existed on or before September 18, 2015, as Professionals concedes its instant claims started August 2013. Compl. Doc. 34-1 at p. 12 ¶ 38; *see Piper Aircraft*, 244 F.3d at 1298-99 (addressing causes of action arising after the complaint is filed). The below chart illustrates the similar factual allegations raised in this action and *Alliance*:

| *Alliance* | *Professionals* |
|---|---|
| Alleging the "continued refusal and/or failure to compensate Plaintiffs for ordinary and customary repairs and materials places Plaintiffs in the untenable position of either performing incomplete and/or substandard repairs . . . or performing labor and expending materials without proper compensation. . ." Compl. ¶ 126 | Alleging "Plaintiff has been put in the untenable position of having to provide all necessary repair services in order to bring each damaged vehicle back to its pre-loss condition without ever receiving full reimbursement." Compl. ¶ 45. |
| Supporting quantum meruit claim with allegations "Plaintiffs have performed valuable services and expended material resources . . . Performing said services and | Supporting quantum meruit claim with allegation that Plaintiff "expended significant costs in the sense of labor and materials to the benefit of each Defendant and each |

5

| | |
|---|---|
| expending material resources benefitted Defendants and Defendant's insureds/claimants . . ." Compl. ¶ 145. | Defendant's claimant or insured." Compl. ¶ 56. |
| Supporting unjust enrichment claim with allegation "[b]y failing to make payment and\or [sic] full payment for the necessary and reasonable costs of repair, Defendants have obtained or retained money which, in equity and good conscience, rightfully belongs to the Plaintiffs." Compl. ¶ 151. | Supporting unjust enrichment claim with allegation that defendants have "failed and/or refused to remit full reimbursement to Plaintiff for the necessary repairs to each vehicle." Compl. ¶ 69. |

Likewise, while not alleged in *Alliance*, Professionals' instant causes of action for breach of contract and bad faith, to the extent that they existed on or before September 18, 2015, are also barred. *Res judicata* bars not only the causes of action actually filed but also the causes action that arise from the same transaction or same series of transactions. *Piper Aircraft*, 244 F.3d at 1296-97. Professionals alleges the exact same series of transactions in both this Complaint and its complaint in *Alliance.*

This Court should dismiss all claims Professionals asserts against GEICO based on the services Professionals provided to GEICO's insureds or third-party claimants as of September 18, 2015, as it is clear Professionals could have asserted—or did assert—those claims against GEICO in *Alliance*.[1]

## II.    PROFESSIONALS MAKES ONLY CONCLUSORY ALLEGATIONS

To the extent that any of Professionals' causes of action survive the *res judicata* bar, including the causes of action that arise *only* after September 18, 2015, the remaining causes fail as a matter of law under the *Twombly/Iqbal* progeny and Rule 8 because they consist of only

---

[1] Alternatively, this Court should apply the doctrines of collateral estoppel or improper claim-splitting for the reasons set forth in certain Defendants' Motion to Dismiss Complaint and Incorporated Memorandum of Law, Doc. 112 ("Certain Defendants' Motion to Dismiss"). *See* Motion to Dismiss, Doc. 112 §§ III.C.-D. GEICO incorporates by reference Sections III.C.-D. of Certain Defendants' Motion to Dismiss.

conclusory allegations as to GEICO.[2]

None of Professionals' allegations is specific to GEICO. *See generally* Compl., Doc. 34-1.[3]  Instead, Professionals' allegations purport to apply equally to dozens of other Defendants involving repairs on vehicles belonging to insureds and claimants with absolutely no connection to GEICO.  The complaint contains no allegations *that GEICO* breached any duty or otherwise did anything wrong.  Professionals' generic allegations that all Defendants took the same exact actions is an "'unadorned, the-defendant-unlawfully-harmed-me accusation,'" and without more, fails to "allege facts that are more than merely possible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

What is in the Complaint as to GEICO amounts to no more than impermissible shotgun pleading.  *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) ("lumping together" of defendants is improper and fails to provide enough specificity to permit each Defendant to identify what it is accused of doing); *Ebrahimi v. Huntsville Bd. Of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (complaint was impermissible shotgun pleading when "[t]he complaint offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants associated with the McDonnell

---

[2]  GEICO further incorporates by reference certain Defendants' arguments in § III.A.i. relating to Rule 8 and the voluminous, unexplained documents in Professionals' multiple Exhibit "A"s.  *See* Certain Defendants' Motion to Dismiss, Doc. 112 § III.A.i.

[3]  ECF Nos. 34-2 through 34-4 include the GEICO-specific exhibits to Professionals' Complaint.  Professionals filed this lawsuit against dozens of insurers.  It did not include the assignments applicable to all insurers but instead only served GEICO with the purported assignments and other documents allegedly relating to GEICO insureds and claimants.  *See* ECF No. 34-2 at 3.  Although Professionals provided GEICO with documents purportedly relating to GEICO insureds and claimants, this does not solve its pleading problem because other than listing a dollar amount Professionals wished it had been paid, over and above the amount GEICO already paid to repair the vehicles to preloss condition, the documents do not allege anything at all, and certainly not anything supporting Professionals' allegations.

Elementary School.").  Because Professionals alleges that the causes of actions against GEICO only arise from Professionals' actual dealing with GEICO's insureds and claimants – and have no alleged connection with any of the other Defendants whatsoever – the holding in *Quality* is inapposite.  *Compare Auto. Alignment*, 953 F.3d at 732 (complaint constitutes impermissible shotgun pleading if it asserts multiple claims against multiple defendants without specifying which defendants are responsible for which actions), *with Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1275 (11th Cir. 2019) (addressing only whether the group pleading rationale was violated and declining to address whether "the allegations of tortious interference meet the plausibility standard.").

### III.   PROFESSIONALS MISAPPLIES THE DOCTRINES OF QUANTUM MERUIT/UNJUST ENRICHMENT TO SEEK PAYMENT FOR WHICH IT IS NOT ENTITLED

Even assuming causes of action survive the *res judicata* bar and were not impermissibly conclusory, other legal bars remain.

Professionals asserts separate quantum meruit and unjust enrichment claims.[4]  *See* Compl., Doc. 34-1 at pp. 15-19 ¶¶ 54-73.  Under Pennsylvania law, these claims are the same and require proof of the same elements.  *A&E*, 120 F. Supp. 3d at 1361 (holding under Pennsylvania law "quantum meruit [is] the equivalent of unjust enrichment.");  *Burton Imaging Grp. v. Toys "R" Us, Inc.*, 502 F. Supp. 2d 434, 440 (E.D. Pa. 2007) ("A plaintiff must prove the same elements for quantum meruit and unjust enrichment.");  *MMC 20/20 Inc. v. Cap. Blue Cross*, No. 18-3592, 2019

---

[4] It is unclear what distinction Professionals intended to make between these two claims.  To the extent Professionals is purporting to assert one of these claims on behalf of the vehicle owners pursuant to the assignments, these claims would fail as there is an express contractual relationship that governs payment for the repairs.  *See Diener Brick Co. v. Mastro Masonry Cont.*, 885 A.2d 1034, 1039 (Pa. Super. Ct. 2005) ("A cause of action for unjust enrichment may arise *only* when a transaction of the parties *not otherwise governed by an express contract* confers a benefit on the defendant to the plaintiff's detriment without any corresponding exchange of value.") (internal quotations omitted).

WL 111038, at *5 (E.D. Pa. Jan. 4, 2019) ("a claim of *quantum meruit* raises the issue of whether a party has been unjustly enriched, and in order to prove such claim a party must successfully prove the elements of unjust enrichment."); *Mitchell v. Moore*, 729 A.2d 1200, 1202, n.2 (Super. Pa. 1999) (same).  To plead a quantum meruit claim, Professionals must allege: (1) benefits conferred on the defendant by the plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.  *Mitchell*, 729 A.2d at 1204.  "The most significant element of the doctrine is whether the enrichment of the defendant is unjust; the doctrine does not apply simply because the defendant may have benefited as a result of the action." *iRecycleNow.com v. Starr Indem. & Liab. Co.*, 674 F. App'x 161, 162-63 (3d Cir. 2017).

### A.    This Court Already Rejected Professionals' Quantum Meruit And Unjust Enrichment Theories In Another Decision In This MDL

This Court should follow its ruling and reasoning in *A&E Auto Body, Inc.*, also expressly adopted in its decision in *Alliance*, to hold Professionals' quantum meruit and unjust enrichment claims fail as a matter of law because Professionals' allegations amount to nothing more than allegations Professionals was an "officious volunteer[], performing repair services for which they now sought additional compensation without any attempt to bargain with [GEICO] and without a reasonable expectation of additional compensation from them."  *A&E*, 120 F. Supp. 3d at 1459; *see also* Order, *Alliance*, Doc. 107 (granting motion to dismiss in accordance with *A&E*).  This Court found allegations substantively similar to those alleged here did not state an unjust enrichment claim because "there are very few circumstances under which the law will permit someone without a contract to first provide services and then compel payment."  *A&E*, 120 F. Supp. 3d at 1360.  This Court found that these "few circumstances" are not present when a plaintiff fails to plead "that they could not negotiate" or "were under any duty that rendered them unable to

turn down the jobs for which they now seek additional payment." *Id.*  Instead, Professionals'

allegations here, as in *A&E* and *Alliance*, are "reduced to [their] essence" allegations "they are

entitled to obtain what they believe to be the reasonable value of their services, and that [GEICO

is] obligated to pay that amount, regardless of the price agreed upon between Plaintiffs and their

customers at the outset of the transaction." *Id.*; *see also* Compl., Doc. 34-1 at pp. 15-17 ¶¶ 54-64

(alleging in paragraph 58 "Defendant has repeatedly failed and/or refused to provide full payment

for all of the services and materials rendered to each automobile owner" where "full payment" is

the amount unilaterally determined by Professionals).

### B.  Professionals Cannot Substitute GEICO For Vehicle Owners' Contractual Obligations

Professionals' quantum meruit/unjust enrichment claims also fail because Professionals is

impermissibly using the doctrine to circumvent its agreement with the vehicle owners.  The

doctrines of quantum meruit and unjust enrichment do not apply "when the relationship between

the parties is founded on a written agreement or express contract." *Roman Mosaic & Tile Co., Inc.

v. Vollrath*, 313 A.2d 305, 307 (Super. Pa. 1973).  As one Pennsylvania appellate court stated "[t]he

doctrine of unjust enrichment cannot be used to circumvent this principle merely by substituting

one promissor [*sic*] or debtor for another." *Id.*  "Under Pennsylvania law, a third party that benefits

from a contract between two other parties is not unjustly enriched unless the third party requested

the benefit or mislead the plaintiff into performing the contract." *Starr*, 674 F. App'x at 163; *see

also id.* ("[A]lthough appellant conferred a benefit on Mrs. Vollrath, since it was done pursuant to

a contract with the corporation and her husband, appellant cannot secure relief from her unless she

did something misleading or otherwise improper in connection with the contract.").

Professionals has alleged no facts plausibly suggesting GEICO requested the alleged

benefit or mislead Professionals into providing the repairs the vehicle owners requested.  *See*

*Roman*, 313 A.2d at 307.  By alleging its claims are based on repairs made to GEICO insureds' and third-party claimants' vehicles between August 2013 and the date the Complaint was filed (August 28, 2017), Compl., Doc. 34-1 at p. 12 ¶ 38, Professionals alleges it was aware for years that GEICO would not pay more than the reasonable amount to repair each vehicle to preloss condition, even though Professionals wanted more.

### C.    GEICO's Payments Preclude Professionals' Claims

Professionals' quantum meruit/unjust enrichment claims further fail because Professionals alleges GEICO has paid Professionals for the services it rendered.  *Id.* at p. 18 ¶ 71.  In evaluating a quantum meruit/unjust enrichment claim, the standard is not whether a defendant is liable to the plaintiff "for the entire amount of the debt," but instead is whether the defendant is liable to the plaintiff for "the reasonable value of the services."  *See In re LMcD, LLC*, 405 B.R.555, 567 (Bankr. M.D. Pa. 2009) (holding plaintiff unable to recover under quantum meruit when plaintiff provides evidence of only the amount owed rather than the reasonable value of the benefits conferred).  The Eleventh Circuit recently acknowledged, in construing a quantum meruit claim under similar law, allegations of "the insurance companies' failure to pay *enough* for their services" is insufficient to state a quantum meruit/unjust enrichment claim.  *Auto. Alignment*, 953 F.3d at 731.

Professionals' concession that "each Defendant has made a partial payment" precludes its claims.  Compl., Doc. 34-1 at p. 18 ¶ 71.  The exhibits Professionals attaches to its Complaint show Professionals is contending GEICO owes Professionals additional amounts ranging from $56.81 to $3,041.97 per claim.  *See* Docs. 34-2, 34-3, 34-4.  Because the allegations and exhibits establish Professionals *has* received value for the services it provided and is solely disputing whether GEICO is liable for the amount it alleges would be "full payment," it has failed to state a

quantum meruit/unjust enrichment claim.  *See, e.g., Pulli v. Warren Nat'l Bank*, 412 A.2d 464, 465-66 (Pa. 1979).

IV.   **PROFESSIONALS HAS NOT STATED A BREACH OF CONTRACT CLAIM DESPITE SUING IN MULTIPLE CAPACITIES—ON BEHALF OF ITSELF, GEICO'S INSUREDS, AND THIRD-PARTY CLAIMANTS**

A.   **Professionals' Limited Ability To Sue For Breach of Contract**

"It is elementary law that no person can be sued for breach of contract who has not contracted either in person or by an agent; or in other words who was not a party to the contract." *Roman*, 313 A.2d at 307 (internal quotations omitted).  Professionals does not plead it had a contract with GEICO; it did not.  *See generally* Compl.

Professionals must rely on the vehicle owners' assignment of one, some, or all of their rights to the GEICO-issued insurance policies to support its breach of contract claims.  Here, the vehicle owners only assign one right, a very limited one.

Assignments are contracts and "are interpreted in accordance with the rules of construction governing contracts." *Champlost Fam. Med. Practice, P.C. v. State Farm Ins.*, No. CIV A 01-3607, 2002 WL 31424398, at *1 (E.D. Pa. Oct. 29, 2002).  "Pennsylvania contract law begins with the 'firmly settled' point that 'the intent of the parties to a written contract is contained in the writing itself.'" *Bohler-Uddehom Am., Inc. v. Ellwood Grp.*, 247 F.3d 79, 92 (3d Cir. 2001), quoting *Krizovensky v. Krizovensky*, 624 A.2d 638, 641 (Super. Pa. 1993).  When the intent of the parties is clear, the meaning of the contract must be interpreted by the writing alone. *Id.*  "Where language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as *manifestly expressed*, rather than as, perhaps, silently intended." *Id.* (internal quotations omitted).

Any right Professionals has to assert a breach of contract claim is limited to the rights the

vehicle owners assigned.  *Legal Cap., LLC v. Med Prof'l Liab. Catastrophe Loss Fund*, 750 A.2d 299, 302 (Pa. 2000) (noting that assignments can be "qualified"); *Seneca Ins. Co., Inc. v. Lexington & Concord Search & Abstract, LLC*, 484 F. Supp. 2d 374, 377 (E.D. Pa. 2007) ("an assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another.").  Here, the vehicle owners *only* assigned to Professionals their right "to pursue payment of the proceeds of the insurance policy from Insurer in the amount of $450.96" or for the amount stated in the applicable assignment.  *See e.g.*, Compl., Doc. 34-1 at p. 15 ¶¶ 51-52; Doc. 34-3 at p. 18, at 27.  There are <u>no</u> general assignments alleged in or attached to the Complaint.  Professionals' breach of contract claim seeks damages that far exceed the rights the vehicle owners purportedly assigned to it.  Among other things, Professionals sues to "seek[] complete performance by each Defendant who has failed and/or refused to make payment in full" and seeks additional amounts for "delay time costs and administrative costs."  Compl., Doc. 34-1 at pp. 19-20 ¶¶ 78, 82.  The delay time costs and administrative costs are nearly five times the amount purportedly assigned by the vehicle owners to Professionals.  *See id.*  Professionals' lacks standing to assert any breach of contract claim against GEICO for any amount exceeding the value the vehicle owners assigned to Professionals.  *See Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 65 (3d Cir. 1991) (holding a medical provider "is only an assignee of the limited right to receive payment under the policies" and an assignment of rights under an insurance contract does not mean "that the patients also assigned their rights to bring suits under [other statutes].").

   **B.**  **Third-Party Claimants Cannot Assign Contractual Rights to Professionals**

    Even if the third-party claimant vehicle owners assigned the damages that Professionals seeks in its breach of contract claim for more payment – they did not – the third-party claimants could not assign any *contractual rights* as they are not parties to or third-party beneficiaries of

GEICO's insurance policies with its insureds.

"The standard for establishing status as a third-party beneficiary is a difficult one." *Tremco, Inc. v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 832 A.2d 1120, 1122 (Super. Pa. 2003). "'To be considered a third-party beneficiary in this state [Pennsylvania] it is necessary to show both parties to the contract had an intent to benefit the third party though the contract and did in fact, _explicitly indicate this intent in the contract._'" *Id.*, quoting *Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 570 (Super. Pa. 1992), *appeal denied*, 615 A.2d 1313 (Pa. 1992) (emphasis added). The Pennsylvania intermediate appellate court has repeatedly rejected the allegation that a third-party claimant is an intended beneficiary of the insured's insurance policy. *Strutz*, 609 A.2d at 570; *Brown v. Candelora*, 708 A.2d 104, 108 (Super. Pa. 1998) (collecting cases). In *Strutz*, third-party claimants argued they were third-party beneficiaries of the automobile driver's insurance policy after the insured collided with the third-party claimants. The court rejected third-party claimants' argument, finding the intent of the insurance policy "was to exchange premiums for liability protection"—not to benefit third-party claimants. *Strutz*, 609 A.2d at 570-71. This same analysis applies here.

Professionals fails to plead any facts suggesting the third-party claimants are the intended beneficiaries of the insurance policies between GEICO and the insureds. *See generally* Compl.[5] Because Pennsylvania law rejects the argument that third-party claimants are intended beneficiaries of an insurance policy, this Court must dismiss the breach of contract claims Professionals asserts on behalf of the third-party claimants. *Kirschner v. K&L Gates LLP*, 46 A.3d 737, 762 (Pa. 2012); *see also Hicks v. Metro. Edison Co.*, 665 A.2d 529, 535 (Pa. Commw. Ct. 1995) (holding third-party beneficiaries cannot encompass "virtually every member of the

---

[5] The alleged assignments controvert any suggestion by Professionals that it was an intended beneficiary.

public"); *Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088-89 (Super. Pa. 2005) (even when an exception to the general rule is considered, the party alleging it is a third-party beneficiary must show that both parties to the contract so intended, and that such intent was within the parties' contemplation at the time the contract was formed"); *but see Professional, Inc., v. Progressive Cas. Ins. Co.*, No. 3:17-cv-185, 2018 WL 10812141 (W.D. Pa. Feb. 26, 2018) (misapplying Pennsylvania law as it circumvented the requirement that the plaintiff must show the insurer and insured intended that third-party claimants be third-party beneficiaries to the insurance contract).

That third-party claimants cannot sue insureds under a breach of contract theory is bolstered by the availability of an exclusive statutory avenue for third-party claimants to sue an insurer. *Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999) ("[T]here is only one statute in Pennsylvania that allows a third party to bring a direct action against an insurer for a claim arising out of the actions of the insured."). Under that statute, a third party can sue an insurer directly if the insured is insolvent, the third-party recovers a judgment against the insured, and the third-party has unsuccessfully sought to recover on the judgment against the insured, among other requirements. *See* 40 Pa. Const. Stat. § 117; *id.* (identifying the six elements required for a direct claim against an insurer under § 117). Professionals does not assert any claims against GEICO based on Section 117, nor has it alleged it can avail itself of Section 117.

### C.  Any Breach Of Contract Claim Is Insufficient As Professionals Does Not Allege The Contract Required The Performance Alleged

To plead a breach of contract claim, Professionals must allege "(1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebeneck & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016). Professionals fails to identify the contract(s) it contends GEICO breached, let alone the essential terms of such contracts. *See* Compl., Doc. 34-1 at pp. 19-20 ¶¶

74-82.  Professionals simply alleges "each Defendant has represented that it did have an obligation to pay and did partially perform its duty to make payment by making a partial payment relative to all repairs rendered."  *Id.* at p. 19 ¶ 76.  Professionals' breach of contract claim relies upon the proposition that the insurance policy required GEICO to pay the amount unilaterally demanded by Professionals.  *See generally id.*  Professionals' claim is entirely insufficient as it fails to allege on what terms GEICO agreed to pay, let alone that Professionals could unilaterally set the payment amount.  *See generally, id.* at pp. 19-20 ¶¶ 74-82; *see also Chemtech Int'l, Inc. v. Chem. Injection Techs., Inc.*, 170 F. App'x 805, 808 (3d Cir. 2006) ("stating that a document was signed, that the document called for certain performance, and that performance did not occur are all factual allegations that would" state a breach of contract claim).[6]

## V.     THIS COURT SHOULD DISMISS PROFESSIONALS' BAD FAITH CLAIM BECAUSE PROFESSIONALS LACKS STANDING TO ASSERT IT AND ITS CONCLUSORY ALLEGATIONS OF INSUFFICIENT PAYMENT DO NOT STATE A CLAIM

### A.     Professionals Lacks Standing To Assert Bad Faith Claims

Only insureds can assert statutory bad faith claims against an insurer.  *Norco v. Allstate Ins. Co.*, No. 2:11-cv-1453, 2012 WL 12887729, at *7 (W.D. Pa. July 17, 2012) ("In Pennsylvania, a statutory bad faith claim will not lie if the party bringing the bad faith claim is not an 'insured' under the policy.").  Damages for bad faith are only authorized "if the court finds that the insurer has acted in bad faith ***toward the insured***."  42 PA. Cons. Stat. § 8371 (emphasis added); *see also Strutz*, 609 A.2d at 571 ("[T]he duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant."); *Berg v. Nationwide*

---

[6] GEICO further incorporates by reference certain Defendants' arguments in their Motion to Dismiss section titled "The Complaint Fails to Allege Any Contract with Defendants, Let Alone Breach (Count III)" regarding any claim that Professionals is suing GEICO in its own right, and not as a purported assignee. *See* Certain Defendants' Motion to Dismiss, Doc. 112 § III.B.ii.

*Mut. Ins. Co.*, 44 A.3d 1164, 1170 (Super. Pa. 2012) ("[t]he duty of good faith originates from the insurer's status as a fiduciary for its insured under the insurance contract.").

While Professionals alleges it received an assignment of proceeds from the vehicle owners, the vehicle owners did not assign their statutory bad faith rights, to the extent they had them.  As discussed above, the vehicle owners allegedly assigned only their right "to pursue payment of all proceeds of the insurance policy from the Insurer" in a specific amount on each claim.  *See e.g.*, Compl., Doc. 34-2 at p. 7, Doc. 34-3 at p. 9, Doc. 34-4 at p. 16.  The expressly limited "assignments of proceeds" between Professionals and the vehicle owners define "proceeds" of the insurance policy as "all costs that were necessary for repair of his/her vehicle" and list a specific amount purportedly being assigned.  *Id.*[7]  As recognized by the Third Circuit, an assignment of the right to seek proceeds under an insurance policy does not mean "that the patients also assigned their rights to bring suits under [other statutes]."  *See Gemini*, 40 F.3d at 65; *see also* Pa. Cons. Stat. § 8371 (successful bad faith claim allows for additional compounded interest, punitive damages, court costs, and attorney fees).

### B.    The Applicable Statute Of Limitations Bars Professionals' Claims

This Court should similarly dismiss any bad faith claims Professionals asserts that are barred by the two-year statute of limitations applicable to bad faith insurance claims.  *Ash v. Cont'l Ins. Co.*, 861 A.2d 979, 984 (Pa. Super. 2004).[8]  The statute of limitations begins to run on the date

---

[7] For example, Mary Ann Beyer allegedly assigned to Professionals the right to "pursue payment of all proceeds of the insurance policy from Insurer in the amount of $1188.74."  Doc. 34-2 at p. 7.  Chris Bowers allegedly assigned to Professionals the right to "pursue payment of all proceeds of the insurance policy from Insurer in the amount of $287.60."  Compl., Doc. 34-2 at p. 18.  Each other vehicle owner similarly allegedly assigned to Professionals only the right to seek payment of the insurance policy proceeds in a specific dollar amount and nothing more.  *See generally* Docs. 34-2, 34-3, 34-4.

[8] Pennsylvania law provides the applicable statute of limitations.  As the Eleventh Circuit recognizes, "state statute of limitations are substantive laws and must be followed by federal courts in diversity actions."  *Cambridge Mut. Ins. Co. v. Claxton, Georgia*, 720 F.2d 1230, 1232 (11th Cir. 1983).  In *Cambridge*, the Eleventh Circuit further recognized that "a state created cause of action 'accrued and comes to an end when

the insurer first denies a claim.  *Sikora v. State Farm Ins. Co.*, Civ. Act. No. 80-1366, 2009 WL 2411781, at *3 (W.D. Pa. Aug. 4, 2009).  The exhibits Professionals attaches to its complaint indicate that the statute of limitations likely bars many of Professionals' statutory bad faith claims.  *See e.g.*, Compl., Doc. 34-2 at p. 8 (assignment executed March 18, 2015), p. 26 (assignment executed March 31, 2015).  This Court should dismiss Professionals' bad faith claims to the extent they accrued on or before August 28, 2015—two years before Professionals filed this suit.

### C.  Professionals Fails To Allege All Elements Supporting Its Claim

Even if Professionals could demonstrate standing and a claim not barred by the statute of limitations, it has failed to sufficiently plead a statutory bad faith claim.  To do so, a plaintiff must allege the "insurer (1) did not have a reasonable basis for denying benefits [under the insurance policy]; and (2) knew or recklessly disregarded its lack of a reasonable basis."  *Id.*; *Booze v. Allstate Ins. Co.*, 750 A.2d 877, 880 (Super. Pa. 2000); *Swoboda v. Travelers Pers. Ins. Co.*, No. 3:16-cv-00314, 2018 WL 4680131, at *5 (M.D. Pa. Sept. 28, 2018).  "The insured must also show that the insurer breached a known duty (*i.e.*, the duty of good faith and fair dealing) through a motive of self-interest or ill will."  *Berg*, 44 A.3d at 1171.  To adequately plead a bad faith claim, one must plead facts describing the "who, what, where, when, and how the alleged bad faith occurred."  *Palmisano v. State Farm Fire & Cas. Co.*, No. 12-886, 2012 WL 3595267, at *12 (W.D. Pa. Aug. 20, 2012) (internal quotations omitted).

Professionals' conclusory allegations that GEICO and all Defendants are liable for bad faith because they "fail[ed] and refus[ed] to make full and proper payment for all necessary and proper repairs" and "failed to fully and properly evaluate each claim in order to make the full and

---

local law so declares.'"  *Id.*, quoting *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530 (1949).  Because this Court is exercising diversity jurisdiction and as Professionals' statutory bad faith claim is a "state created cause of action," Pennsylvania law provides the applicable statute of limitations.

proper payment" are insufficient.  Compl., Doc. 34-1 at p. 21 ¶¶ 84-85.  First, Professionals has

not alleged GEICO lacked a reasonable basis for failing to pay the full amount demanded by

Professionals or that GEICO knew or recklessly disregarded its lack of a reasonable basis.  *See*

*generally* Compl.  Second, courts routinely find allegations like Professionals' are insufficient to

plead a bad faith claim.  The Eastern District of Pennsylvania held the insureds' allegations failed

to "plausibly infer unreasonable or intentional or reckless denial of benefits" "simply from a

conclusory allegation of nonpayment" and allegations the insurer "failed to make an informed

decision regarding their claims, failed to pursue a diligent investigation, and failed to act in good

faith."  *Sherman v. State Farm Ins. Co.*, No. 17-4822, 2017 WL 5559911, at *2 (E.D. Pa. Nov. 17,

2017).  The court held "failing to plead explanations or description of what an insurer actually did,

or why they did it, is fatal to a bad faith claim."  *Id.*; *see also Clapps v. State Farm Ins. Cos.*, No.

19-3745, --F. Supp. 3d--, 2020 WL 1308230 (E.D. Pa. March 19, 2020) (dismissing bad faith claim

based on conclusory allegations defendant "failed to complete a prompt and thorough investigation

of Plaintiff's claim" and "failed to promptly provide a reasonable factual explanation of the basis

for the denial of Plaintiff's claim.)."  Here, Professionals has not made any allegations of bad faith

by GEICO.  *See generally* Compl., Doc. 34-1.

The gist of Professionals' allegations is that GEICO paid Professionals for the services

Professionals provided to the insureds and third-party claimants, but these payments were too low,

and this is not actionable in bad faith in Pennsylvania.  *See generally* Compl.  Professionals'

allegations fail to state a claim as Pennsylvania courts "have not recognized bad faith where the

insurer makes a low but reasonable estimate of the insured's losses . . .."  *Condio v. Erie Ins.*

*Exchange*, 899 A.2d 1136, 1143 (Super. Pa. 2006); *see also Smith v. State Farm Mut. Auto. Ins.*

*Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (same).  Professionals' conclusory allegations that it

believes it is entitled to additional payment from GEICO are insufficient to state a bad faith claim.

Professionals has further failed to state a claim as it has not sufficiently alleged GEICO "breached a known duty (*i.e.*, the duty of good faith and fair dealing) through a motive of self-interest or ill will." *Berg*, 44 A.3d at 1171. Professionals conclusorily alleges GEICO "violated the Pennsylvania Motor Vehicle Damage Appraisers Act and/or various regulations relating to the same." Compl., Doc. 34-1 at p. 21 ¶ 84. It is entirely unclear how this Act relates to Professionals' claims as this Act concerns an appraisers' duties—not an insurer's duties. *See generally* 63 Pa. Const. Stat. § 861, *et seq.* Professionals further cannot rely on the Pennsylvania Motor Vehicle Damages Appraisers Act ("PMDVA") to support its statutory bad faith claim since the PMVDA contains no private right of action. *See Leach v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d. Cir. 2008) ("District Court did not err in finding that, insofar as Leach's claim for bad faith was based upon an alleged violation of the UIPA, it fails as a matter of law" since "there is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner."); *see also* 63 Pa. Const. Stat. § 860 ("The Insurance Commissioner is hereby charged with the administration and enforcement of this act . . .").

## VI.   PROFESSIONALS' INTENTIONAL INTERFERENCE CAUSE OF ACTION IS ILLOGICAL

This Court should dismiss Professionals' intentional interference "with business" cause of action as there are no plausible allegations GEICO took any action to specifically harm Professionals' contracts with the vehicle owners.[9] To plead intentional interference with contractual relations, Professionals must allege facts supporting the following elements: "(1) the existence of a contractual relation. . . between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation . . . (3)

---

[9] This claim should have properly been titled intentional interference with contractual relations.

absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct." *Ira G. Steffy & Son, Inc. v. Citizens Bank of Penn.*, 7 A.3d 278, 288-89 (Pa. Super. 2010).

An intentional interference with contractual relations claim is insufficient when a plaintiff "has not alleged that any third parties to which [plaintiff] was contractually related have refused to perform, or were precluded from partially or completely performing, contractual duties because of [defendants'] actions." *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Super. Pa. 1994). Professionals concedes it had a contractual obligation with "each of the vehicle owners to repair each [vehicle] . . . into its pre-loss condition and to perform all reasonable and necessary repairs to the vehicle." Compl., Doc. 34-1 at p. 22 ¶ 91. Professionals' allegation that GEICO interfered with this contract because it "fail[ed] and/or refus[ed] to pay for all reasonable and necessary repairs" is implausible as the inquiry is whether GEICO prevented the *vehicle owners* from performing their contractual duties to Professionals. *See Fishkin v. Susquehana Partners, G.P.*, 563 F. Supp.2d 547, 587 (E.D. Pa. 2008) (intentional interference claim failed when there was no evidence that the defendant induced the non-party to breach its contractual obligations with the plaintiff); *id.* at p. 22 ¶ 92. Professionals does not allege that any customer breached any contractual obligation whatsoever. There are also no plausible allegations GEICO took any specific actions to induce the vehicle owners to breach the contractual obligations they owed to Professionals or vice-versa. *Id.* at pp. 22-23 ¶¶ 91-100; *see also Accurso v. Infra-Red Servs., Inc.*, 119 F.Supp.3d 316, 325 (E.D. Pa. 2015) (intentional interference claim was "amorphous" when the allegations were unclear how "a party outside the contractual relationship induced a contracting party to breach those contractual relations."). Professionals' intentional interference claim also fails as Professionals concedes it was able to "complete[] the terms of its contract with each vehicle

21

owner." *Id.* at p. 23 ¶ 95.

To the extent Professionals pleads a valid tortious interference claim – it does not – the statute of limitations bars a portion of Professionals' claims.  A Pennsylvania tortious interference claim is subject to a two-year statute of limitations.  42 Pa. Const. Stat. § 5524(3).

## VII.   <u>CONCLUSION</u>

Professionals has not pled facts sufficient to state any plausible claims for relief against GEICO.  This Court should dismiss with prejudice Professionals' claims as allowing them to replead would be an exercise of futility, particularly in light of *Alliance*.

DATED this 7th day of August, 2020.

HUSCH BLACKWELL LLP

*/s/ Dan W. Goldfine*
Dan W. Goldfine (*admitted pro hac vice*)
Joshua Grabel (*admitted pro hac vice*)
Jamie L. Halavais (*admitted pro hac vice*)
Ian M. Fischer (*admitted pro hac vice*)
2415 East Camelback Road, Suite 420
Phoenix, AZ 85016
Telephone: 480-824-7890
Facsimile:  480-824-7905
Email:  Dan.goldfine@huschblackwell.com
            Josh.grabel@ huschblackwell.com
            Jamie.halavais@ huschblackwell.com
            Ian.fischer@ huschblackwell.com

*Counsel for GEICO Indemnity Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 7th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


*/s/ Dan W. Goldfine*